UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

* * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| Elaine L. Chao, Secretary of Labor, United States Department of Labor, Plaintiff, | |
| | CIVIL ACTION |
| v. | |
| | FILE NO. CA 08-138-ML |
| Haven Health Center of Warren, LLC, Haven Eldercare of New England, LLC, and Haven Eldercare, LLC Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * *

JUDGMENT

Plaintiff having filed a complaint and the defendants having appeared, received a copy thereof, waived service of process and, without admitting liability, consented to the entry of this judgment without contest.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the

wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

Defendants shall not, contrary to the provisions of sections 12(c) and 15(a)(4) of the Act, employ any oppressive child labor within the meaning of section 3(1) of the Act.

Further, the Court finding as agreed to by the defendants, but without admitting liability therefor, that they owe civil money penalties of $4,620 ($660 and $3,960 for wage and child labor matters respectively) pursuant to section 16(e) of the Act, and that 3 employees are due compensation consisting of back wages and liquidated damages pursuant to section 16(c) of the Act in the amount of $18,802 as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said penalties and compensation. In light of the bankruptcy petitions currently pending in Connecticut with respect to defendant Haven Health Center of Warren, LLC (Chapter 11 Case No. 07-32748), defendant Haven Eldercare of New England LLC (Chapter 11 Case No.07-32870), and defendant Haven Eldercare, LLC (Chapter 11 Case No. 07-32720), satisfaction of the monetary provisions of this judgment will be effected only through those bankruptcy actions. Defendants will not dispute Plaintiff's existing proofs of claim for civil money penalties of $4,260 and for employee compensation of $18,802 already filed in these bankruptcy actions; and Plaintiffs may file this Judgment as a supplement to Plaintiff's existing proofs of claim for civil money penalties and unpaid wages in these bankruptcy actions.

The defendants represent that they have been in compliance with the Act since December 1, 2007. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage provisions of this judgment shall have no effect upon any back wages which may have accrued since that date.

Any back wage check which may issue which cannot be distributed to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to

locate the proper persons, or because of such persons' refusal to accept such sums, shall be redrafted and made payable to both the employee and "Wage and Hour Division - Labor" as alternative payees. Such checks shall then be forwarded immediately to plaintiff. When recovered wages have not been claimed by the employee within three years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

Defendants shall not, under any circumstances, accept and keep any amount returned to them by a person owed compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated August 19, 2008

Mary M. Lisi
United States District Judge

Defendants hereby consent to
the entry of this judgment:

By ____________________
Andrew P. Lederman, Esq.
Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174
tel 212-554-7682
fax 212-554-7700

Attorneys for the Defendants

Plaintiff moves for entry of
this judgment:

Gregory F. Jacob
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

____________________
Constance B. Franklin
Attorney

Attorneys for Plaintiff

Solicitor's Office
United States Department of Labor
Kennedy Federal Bldg. Rm E-375
Boston, MA 02203
tel 617-565-2500
fax 617-565-2142